UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK ACCOSTA and DAVID ROSENSTOCK, individuals,

Plaintiffs,

-against-

LORELEI EVENTS GROUP, INC., and LORRAINE TOTARO, an individual,

Defendants.

Civil Action No.:

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiffs Frank Accosta, and David Rosenstock individually, by their attorneys, Rothman Rocco LaRuffa, LLP, allege and complains as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs, who worked for Defendants as Account Executives, complain pursuant to the Fair Labor Standards Act, ("FLSA" or the "Act") 29 U.S.C. §§ 201, *et seq*., and the regulations promulgated thereto, the New York Minimum Wage Act, Article 19 of the Labor Law of the State of New York ("NYMWA"), and Article 6 of §§191, *et seq*., of the New York Labor Law ("NYLL"), and the Employee Retirement Income Security Act, 29 U.S.C. §§1001, *et seq*. Plaintiffs allege that: (i) for several months, they performed work for Defendants for which they did not receive any compensation whatsoever, not even minimum wage; (ii) that they never received notice of a change in compensation rate under NYLL; (iii) that, going back at least three years, Defendants failed to timely pay Plaintiffs their regular wages, in some cases paying months late; and (iv) in April, 2017, the Defendants informed Plaintiffs that in order to save on taxes, payroll, and other items, they were converting Plaintiffs to independent contractor status, thus

depriving Plaintiffs of 401(k) contributions and causing them to wrongfully pay the employer portion of FICA taxes.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. and 28 U.S.C. § 1367(a) and the Employee Retirement Income Security Act.

3. The venue of this action is proper because Plaintiffs performed labor and services for Defendants in this judicial district, *i.e.*, a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the Southern District of New York.

**THE PARTIES**

4. Plaintiff Accosta is a natural person, currently residing in Westchester County. At all times relevant to these proceedings, Plaintiff Accosta was employed by Defendants as an Account Executive.

5. Plaintiff Rosenstock is a natural person, currently residing in New York County. At all times relevant to these proceedings, Plaintiff Rosenstock was employed by Defendants as an Account Executive.

6. Defendant Lorelei Events Group ("Lorelei") is, upon information and belief, a corporation organized and existing under the laws of the State of New York with offices in Manhattan. Lorelei and its related companies are in the business of performing event-planning services.

7. Upon information and belief, Defendant Lorraine Totaro is an owner or part owner and principal of Lorelei, and has the power to hire and fire employees, set wages and schedules, and maintain their records.

8. Defendant Lorraine Totaro was involved in the day-to-day operations of Lorelei and played an active role in managing the business.

9. Defendant Totaro constituted an "employer" of Plaintiffs as that term is used in the Fair Labor Standards act and New York Labor Law.

**FACTUAL ALLEGATIONS**

10. Plaintiffs commenced their employment with Defendants as Account Executives at various periods over the last several years, going back to at least 2014.

11. Plaintiffs were and was at all times relevant to these proceedings, were engaged in commerce within the meaning of 29 U.S.C. § 203(b), in that they worked as Account Executives for Defendants' business.

12. Defendants were at all times relevant to these proceedings and still are, in an industry affecting commerce with the meaning of 29 U.S.C. § 203(b).

13. Upon information and belief, Defendants, in combination with persons performing related activities for a common business purpose, constitute an enterprise whose annual gross volume of sales made or business done it not less than $500,000 exclusive of sales taxes.

14. Defendants are entities responsible for accurately paying wages and minimum wage within the meaning of the FLSA, NYMWA and the NY Labor Law.

15. Plaintiffs, regularly worked for the Employer. However, Plaintiffs were not timely paid wages, which, in some cases, were paid months late. Further, Plaintiffs were not, and still have not been paid at all for work performed in January, 2017 through March 31, 2017. And finally, in or around April, 2017, Plaintiffs, were converted from employees to "independent contractors" at half their pay so that the Defendants could "save money," even though the Plaintiffs

were performing the same tasks under the same supervision as they had been previously.

16. Plaintiffs' duties as Account Executives required them to perform event planning work for Defendants' clients. For example, Plaintiffs would typically be assigned to plan a specific banquet or gala or other major function for a client, and then be responsible for working with that client to plan and execute all facets of the event from start to finish. In many cases, planning a single event could take years.

17. Plaintiffs typically on average, work 55-60 hours a week, and, although Plaintiffs are allotted a lunch break, these lunch breaks frequently do not occur and Defendants knows this.

18. At all times relevant hereto, Plaintiffs were paid a flat salary of $85,000 per year for all work performed for Defendants.

19. At all relevant times hereto, Defendants contributed 2% of Plaintiffs' salaries to a 401(k) Plan that Defendants maintained.

20. At all relevant times hereto, Defendants' had 2 established pay periods for Plaintiffs: the first half and second half of each month, for 24 annual pay periods in total.

21. At all relevant times hereto, Defendants maintained a practice of paying Plaintiffs' salaries in bi-monthly installments, on the day following the close of the pay period, which were the 1st and 16th days of each month.

22. Upon information and belief, beginning in or around late in the year 2014, Defendants began, without explanation, paying Plaintiffs later than regularly-established paydays.

23. For example, for the pay period of January 16, 2016 through January 31, 2016, Plaintiffs were not paid until April, 2016.

24. In another example, for the pay period of April 1, 2016 through April 15,

2016, Defendants did not pay Plaintiffs until September 15, 2016.

25. In sum, upon information and belief, a substantial number of the Plaintiffs' regular paychecks between late 2014 and present were paid after the due dates, and in some cases, months after.

26. When Plaintiff Accosta confronted Defendants about these late payments, Defendants informed Accosta that they had other financial obligations to meet first, and that they hoped he would be patient and understand.

27. Beginning with the pay period ending January 15, 2017, Defendants stopped paying Plaintiffs altogether, even though Plaintiffs continued to work for Defendants as regular, full-time employees.

28. Between January 1, 2017 and April 1, 2017, Plaintiffs worked for Defendants as regular, full-time employees, but Defendants did not pay Plaintiffs ***any*** of their wages or make any of the required 401(k) contributions during that time.

29. When Plaintiff Accosta confronted Defendants about their failure to pay him wages, Defendants again stated that they did not have the money to pay employee wages because they had other financial obligations to meet.

30. In or around early April, 2017, Defendants acknowledged to Plaintiffs that they had not paid them at all for the months of January, February and March, 2017.

31. Further, Defendants told Plaintiffs that they wanted them to keep working, but needed to save money.

32. Accordingly, in or around April, 2017, Defendants told Plaintiff Accosta that his salary would be reduced to $3,500 per month, for 5 months, and $3,100 for two months, equaling $23,700 during that span.

33. Similarly, in or around April, 2017, Defendants told Plaintiff Rosenstock, that his salary would be reduced by more than half, and paid on a monthly basis.

34. Further, Defendants informed Plaintiffs that they were converting Plaintiffs from employees to IRS Form 1099 "independent contractors," in an effort to further save money.

35. As such, Defendants informed Plaintiffs that they would not only have their salaries cut in half, but that they would be responsible for the totality of FICA taxes, and would no longer be eligible to participate in the Defendants' 401(k).

36. In addition, Defendants informed Plaintiffs that, after April, 2017, they would be paid only once a month, rather than bi-monthly.

37. Defendants informed Plaintiffs that if they could pay them as independent contractors and reduce their pay, it might free up enough money for Defendants to eventually pay Plaintiffs their unpaid wages for January, February and March, 2017. Those wages have still not been paid, however.

38. There were no change in Plaintiffs' job responsibilities, duties or level of supervision and control from the time they were "converted" from W-2 employees to form 1099 "independent contractors."

39. Since on or around April, 2017, when Plaintiffs became misclassified as independent contractors, Defendants have still, thereafter, failed to make all required payments to Plaintiffs and, in other cases, have made payments late.

**FIRST CAUSE OF ACTION**

40. Plaintiffs incorporate by reference the allegations above as if fully set forth herein.

41. At all relevant times, Defendants have been employers engaged in

commerce and/or production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a). As such, Defendants were required to pay directly to Plaintiffs minimum wage under FLSA.

42. At all relevant times, Defendants have been required to pay directly to Plaintiffs minimum wage under the NYMWA.

43. During January, 2017 up to and through March 31, 2017, Plaintiffs worked as full time Account Executives for Defendants, but received no pay whatsoever.

44. Defendants failed to pay Plaintiffs the minimum wage pay to which they are entitled under the FLSA.

45. Defendants failed to pay Plaintiffs the minimum wage pay to which they were entitled under NYMWA.

46. As a result of Defendants' violations of the FLSA and NYMWA, Plaintiffs have suffered damages by being denied minimum wage pay in accordance with the FLSA and NYMWA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorney's fees, costs, and other compensation.

**SECOND CAUSE OF ACTION**

47. Plaintiffs incorporate by reference the allegations above as if fully set forth herein.

48. Plaintiffs worked as full-time, salaried employees of Defendants during the period of January 1, 2017 up to and through March 31, 2017, among other time periods.

49. Plaintiffs' salaries were $85,000 per year.

50. Defendants failed to pay Plaintiffs any wages during that time period, and still, to this day, have not paid them any wages for those months.

51. As a result, Defendants have violated the FLSA and Article 6 and 19 of the NYLL by failing to pay Plaintiffs their wages.

**THIRD CAUSE OF ACTION**

52. Plaintiffs incorporate by reference the allegations above as if fully set forth herein.

53. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Consequently, Defendants have acted willfully, and a three-year statute of limitations applies to any FLSA claims pursuant to 29 U.S.C. § 255.

**FOURTH CAUSE OF ACTION**

54. Plaintiff incorporates by reference the allegations above as if fully set forth herein.

55. Beginning in the year 2014, and continuing through September, 2017, Defendants routinely failed to pay Plaintiffs' wages when due, and, in many cases paid Plaintiffs months after the end of the pay periods.

56. Accordingly, Plaintiffs are entitled interest on the late payments, attorney's fees, and liquidated damages on the late payments under the NYLL and the FLSA, and its regulations, including, but not limited to, 29 C.F.R. §790.21(b).

**FIFTH CAUSE OF ACTION**

57. Plaintiff incorporates by reference the allegations above as if fully set forth herein.

58. Defendant's failure to pay Plaintiffs in accordance with the NYMWA and NYLL was willful.

59. Accordingly, Plaintiffs are entitled to liquidated damages under the NYMWA and NYLL.

**SIXTH CAUSE OF ACTION**

60. Plaintiffs incorporate by reference the allegations above as if fully set forth herein.

61. In addition to the violations above, Defendants have failed to provide Plaintiffs with the required notices under the Section 195(2) of the NYLL regarding a change in compensation rates.

62. Accordingly, Plaintiffs are entitled to those remedies contemplated by the NYLL.

**SEVENTH CAUSE OF ACTION**

63. Plaintiffs incorporate by reference the allegations above as if fully set forth herein.

64. In addition to the violations above, Defendants have failed to provide Plaintiffs with required pay stubs and wage statements for the period of January 1, 2017 up to and through March 31, 2017, as required under Section 195(3) of the NYLL.

65. Accordingly, Plaintiffs are entitled to those remedies contemplated by the NYLL for failing to provide wage stubs.

**EIGHTH CAUSE OF ACTION**

66. Plaintiffs incorporate by reference the allegations above as if fully set forth herein.

67. Plaintiffs participated in Defendants' 401(k) plan.

68. Upon information and belief, Defendants' 401(k) plan documents require

that the Employer match employee contributions up to 2%.

69. Upon information and belief, Defendants' 401(k) plan documents define unpaid employer matching contributions as plan assets.

70. Upon information and belief, Plaintiffs were deferring their own money into the aforementioned 401(k) plan.

71. Upon information and belief, beginning in January, 2017, and continuing through present, Defendants failed to remit employer or employee contributions to the 401(k) plan.

72. By way of the foregoing, Plaintiffs have violated their fiduciary duties under ERISA.

**NINTH CAUSE OF ACTION**

73. Plaintiffs incorporate by reference the allegations above as if fully set forth herein.

74. By failing to pay wages and benefits at all for the periods of January 1, 2017 up to and through March 31, 2017, and by thereafter misclassifying Plaintiffs as independent contractors and requiring them to pay the full amount of FICA taxes, among other actions as outlined above, Defendants have been unjustly enriched.

75. Accordingly, Plaintiffs are entitled to those remedies for unjust enrichment.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

i. Awarding Plaintiffs actual damages for their unpaid wages, plus an additional, equal amount as liquidated damages, plus pre- and post-judgment interest at the statutory rate, plus attorney's fees, costs and disbursements as provided for FLSA and NYLL.

ii. Awarding Plaintiffs all damages available under the NYMWA and regulations thereto, and the NYLL due to Plaintiffs' failure to minimum wage;

iii. Awarding Plaintiffs damages in connection with Defendants' willful conduct, as described above;

iv. Awarding Plaintiffs all damages available under the NYLL for Defendants' failure to provide Plaintiffs with a notice regarding a change in their compensation rate;

v. Awarding Plaintiffs all damages available under the NYLL for Defendants' failure to provide Plaintiffs with proper pay stubs and/or wage statements;

vi. Awarding Plaintiffs all damages available under ERISA for failure of the Employer to make contributions to Defendants' 401(k) Plan under the terms of that Plan;

vii. Awarding Plaintiffs all damages for Defendants' unjust enrichment at their expense;

viii. Awarding Plaintiffs any further legal and equitable relief that the Court deems just, necessary and proper.

**JURY DEMAND**

Plaintiffs respectfully demand a jury trial in this matter.

Dated: Elmsford, New York
October 5, 2017

Respectfully submitted,

ROTHMAN ROCCO LARUFFA, LLP

*s/ Matthew P. Rocco*

By: ______________________________
Matthew P. Rocco (MR 2496)

3 West Main Street – Suite 200
Elmsford, New York 10523
(914) 478-2801

*Attorney for Plaintiffs*