**ROTHMAN ROCCO LaRUFFA, LLP**
3 West Main Street
Elmsford, New York 10523
T: (914) 478-2801
F: (914) 478-2913
Matthew P. Rocco, Esq.

*Attorneys For Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FRANK ACCOSTA AND DAVID ROSENSTOCK, | Civil Action No.: 17-7804 (NSR) |
| Plaintiffs, | Hon. Nelson S. Roman, U.S.D.J. |
| -against- | |
| LORELEI EVENTS GROUP INC., AND LORRAINE TOTARO, | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Frank Accosta ("Accosta") and David Rosenstock ("Rosenstock") (together "Plaintiffs"), submit this reply in further support of their motion for summary judgment against Defendants Lorelei Events Group, Inc. ("Lorelei") and its sole owner, principal and supervisor, Lorraine Totaro ("Totaro"). Plaintiffs seek to recover months of entirely unpaid wages and benefits, damages for a full year of late-paid wages, and statutory damages for other wage-and-hour violations committed by the Defendants.

In response to the motion, Defendants' argue, without citations to controlling caselaw, that certain legal exemptions permit them to pay Plaintiffs no wages at all for months of full-time work. This argument is erroneous and mocks the remedial purpose of the Fair Labor Standards Act. *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490 (1945) (noting the FLSA's remedial purpose and that the various statutory exemptions are to be "narrowly construed"). This Court should not countenance such unsupported, erroneous arguments.

Further, Defendants' response unequivocally demonstrates that summary judgment is the appropriate vehicle to resolve this case because the material facts are almost entirely undisputed. To wit, Defendants admit that for the months of January, February and March 2017, both Plaintiffs were active, full-time employees, but that Defendants paid them absolutely nothing for their labor. (*See* Plaintiffs' R. 56.1 Stmt., ¶¶ 21-27, and Defendant's responses thereto).

Defendants also admit that for 20 pay periods in the year 2016, both Plaintiffs were untimely paid long after the payroll due dates, in some cases months late. (*See* Response to R. 56.1 Stmt., ¶ 19). Next, Defendants do not deny – and fail to rebut – Plaintiffs' sworn assertions that they never received any wage statements or pay stubs during the entire year 2016. (*See* R. 56.1 Stmt., ¶ 20 "Response: Defendant Totaro testified that she did not recall whether or not this occurred"). Defendants also plainly admit that they have failed to pay both Plaintiffs their required 401(k) contributions due and owing. (*See* Response to R. 56.1 Stmt., ¶¶ 31, 34).

2

Finally, Defendants admits that co-Defendant Lorraine Totaro was the sole owner and principal of Lorelei (Response to R. 56.1 Stmt., ¶ 2); they admit that Totaro was the individual who hired Plaintiffs and terminated their "employment" in April 2017 (¶¶ 4, 28); they admit that Totaro was Plaintiffs' supervisor (¶6); and they admit that Totaro directed Lorelei's third-party payroll vendor to pay Plaintiffs late and then not at all; (¶¶ 16-17). These now-undisputed facts and admissions, when superimposed over the controlling law, clearly demonstrate that Totaro is personally liable as Plaintiffs' "employer" under the applicable laws, and is thus jointly and severally liable with Lorelei for the damages sought herein.

In light of the above largely undisputed material facts, Plaintiffs respectfully request that their motion for summary judgment be granted in its entirety against both Defendants.

## REPLY ARGUMENT

I. **The Narrowly-Construed "Administrative Exemption" To The Fair Labor Standards Act And New York Labor Law Does Not Permit The Employer To Pay The Plaintiffs $0.00 For Months Of Full-Time Work**

Defendants primarily argue to this Court that the Plaintiffs' motion for summary judgment should be denied because the "administrative exception" to the FLSA and NYLL permitted them to pay Plaintiffs no wages whatsoever for several consecutive months. This argument, however, is as absurd as it is meritless because Defendants never explain how paying Plaintiffs $0.00 per-week, every week for months on end, permits them to hide behind the shield of any FLSA exemptions.

It is well settled that an employer bears the burden of establishing that an employee meets the FLSA's administrative exemptions. *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 222 (2d Cir. 2002). Moreover, the FLSA exemptions are to be "narrowly construed against the employers seeking to assert them, and their application limited to those establishments plainly

and unmistakably within their terms and spirit." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S. Ct. 453, 456, 4 L. Ed. 2d 393 (1960), *quoted in Bilyou*, 300 F.3d at 222.

To be deemed "employed in a bona fide administrative capacity," an employee must meet <u>all</u> the minimum compensation form and amount requirements set forth in the statue. *29 C.F.R. §541.200 (a) (1)*. The Department of Labor's regulations set forth a "short test" for determining whether an employee qualifies for the administrative exemption. The short test has two requirements that must both be met: (1) the employee must be paid at least $ 455 per week;[1] and (2) the employee's primary duties must include: "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and . . . the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a); *Iaria v. Metro Fuel Oil Corp.*, No. 07-CV-4853 (NG), 2009 U.S. Dist. LEXIS 6844, at *6-7 (E.D.N.Y. Jan. 30, 2009).

Further, for an Employer to avail itself of the FLSA's "administrative exemption," an employee must "receive his full salary for any week in which he performs any work, without regard to the number of days or hours worked." *29 C.F.R. §541.602(a)*. This "predetermined amount" of compensation generally may not be reduced, and is "a fixed amount paid during an indeterminate number of pay periods – not the amount paid for a single two or four week pay period." *Id. See also Hurley v. Oregon*, 27 F.3d 392, 395 (9th Cir. 1994). In sum, to be administratively exempt, an employee must be paid his or her regular predetermined salary amount every week, except for weeks in which he or she performs no work. *See 29 C.F.R. §541.602(a)*; *see also* <u>WH admin. Op. FLSA 2008-1NA</u> (Feb. 14, 2008) (opining that an employer cannot satisfy

---

[1]     Citing older decisional law, the Employer erroneously argues that the minimum weekly salary necessary to establish the administrative exemption is $250 per week. (*See* Defendants' Memorandum of Law, p. 7). Since it is undisputed that the Plaintiffs were paid $0.00 per week for several months, the error is irrelevant.

the FLSA's minimum salary requirement by claiming proration of an employee's salary to meet the minimum).

Here, it is now undisputed that, despite the Employer's hollow declaration that the Plaintiffs' were "salaried" at $85,000 per year, for the months of January, February and March 2017, Plaintiffs worked full time for the Defendants, but received a weekly salary of $0.00 per week for over approximately twelve (12) weeks. Further, it is undisputed that four (4) years later, Defendants still have not been paid any of their wages. (*See* Plaintiffs' R. 56.1 Stmt., ¶¶ 21-27, and Defendant's responses thereto). Unsurprisingly, Defendants point to no authority – and there is no authority – demonstrating that an employer can cloak itself in the protections of the FLSA's administrative exemption in situations where, as here, it pays its employees no wages at all over an elongated period of several months; considering the liberal, remedial purpose of the FLSA, this is not surprising.

Accordingly, because Defendant has failed to meet all the administrative form and compensation requirements needed to avail itself of the narrow protections of the FLSA's administrative exemption, this Court need go no further in its factual and legal analysis to grant the Plaintiffs' motion for summary judgment in its entirety.[2]

## II. Plaintiffs' Claim For Liquidated Damages Under FLSA and NYLL For Late Payments Is Factually and Legally Unopposed

Plaintiffs' complaint and motion for summary judgment also seeks liquidated damages for 26 delayed wage payments in the year 2016 under the prompt payment requirement of the FLSA and the NYLL.

---

[2]      In light of the Employer's failure to meet the weekly salary component of the FLSA "short test," its ability to cloak itself in the protections of the administrative exemption fails, and analysis of Plaintiffs' duties at the company is not required to in deciding the unpaid wages portion of this motion.

5

Here, in response to the Plaintiffs' statement of undisputed material facts, Defendants admit that for 20 pay periods in the year 2016, both Plaintiffs were untimely paid long after the payroll due dates, and, in some cases, months after. (*See* Response to <u>R</u>. 56.1 Stmt., ¶ 19). Accordingly, under the "prompt pay" requirements of the FLSA and New York Labor Law, Plaintiffs are entitled to summary judgment against both Defendants, granting Plaintiffs liquidated damages, attorney's fees and cost with respect to the undisputed untimely payments. (*See* Plaintiffs' Memorandum in Support, Point II).

**III.   Plaintiffs' Claim That Lorraine Totaro Is Jointly And Severally Liable With Lorelei For The Damages Under FLSA and NYLL For The Damages Sought Herein Is Factually and Legally Unopposed**

In response to Plaintiffs' Statement of Undisputed Material Facts, Defendants admit that co-Defendant Lorraine Totaro was the sole owner and principal of Lorelei (Response to <u>R</u>. 56.1 Stmt., ¶ 2); they admit that she was the individual who hired Plaintiffs and terminated their "employment" around April 2017 (¶¶ 4, 28); they admit that Totaro was Plaintiffs' supervisor (¶6); and they admit that Totaro directed Lorelei's third-party payroll vendor to pay Plaintiffs late and then not at all. (¶¶ 16-17) (although Defendants attempt qualify this last point by saying that Totaro only did this because Lorelei was low on money, they cite no case law demonstrating this point as a recognized defense).

These now undisputed facts, when superimposed over the framework for individual liability in from *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984) makes it clear that Totaro qualifies as a supervisor under the FLSA and NYLL. (*See* Plaintiff's Memorandum of Law in Support, Point III). Indeed, Defendants do not even attempt to argue that Totaro is not a statutory "employer" under the FLSA and NYLL (*see* Defendants' Memorandum of Law in Response). Accordingly, Plaintiffs' motion for summary judgment with respect to this point should be granted.

IV.    **Lorelei's Liability For Failure To Provide Wage Statements Is Factually and Legally Undisputed**

The NYLL provides that the employer shall furnish each employee with wage statements for every pay period. N.Y. Lab. Law § 195(3) (McKinney's). "If any employee is not provided a statement or statements as required by" § 195(3), "he or she shall recover in a civil action damages of one hundred dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars." N.Y. Lab. Law § 198 (McKinney's).

Here, Defendants do not deny – and fail to rebut – Plaintiffs' sworn assertions that they never received any wage statements or pay stubs during the entire year 2016. (*See* R. 56.1 Stmt., ¶ 20 "Response: Defendant Totaro testified that she did not recall whether or not this occurred").

Nor does Lorelei rebut any of Plaintiffs' legal arguments concerning this point. Accordingly, Plaintiffs' motion for summary judgment on this point should be granted.

V.    **Lorelei's Liability For Failure To Make 401(k) Contributions Is Factually And Legally Undisputed**

Lorelei also plainly admits that it has failed to pay both Plaintiffs their required 401(k) contributions due and owing. (Response to R. 56.1 Stmt., ¶¶ 31, 34). Lorelei's response contains no factual or legal rebuttal to this portion of Plaintiffs' motion. Accordingly, the Court should grant Plaintiffs' motion and order Lorelei to pay the 401(k) amounts due to Plaintiffs, plus the applicable damages.

<u>**CONCLUSION**</u>

Lorelei's responses to the Plaintiffs' motion, including their admissions of most statements of material facts, demonstrates that summary judgment is the appropriate vehicle to resolve this case.

7

Lorelei's argument that it can stiff the Plaintiffs entirely on months of wages and then hide behind narrowly-construed exceptions in the wage-and-hour law is absurd and unsupported by statute, regulations, or decisional law. Indeed, Defendant fails to cite a single case on point, simply breezing past – without explanation – the fact that it failed to pay Plaintiffs the minimum $455 per week to even open the door to possibly claiming the "administrative" exemption under FLSA.

Accordingly, Plaintiffs' motion for summary judgment should be granted in its entirety.

Respectfully submitted,

**ROTHMAN ROCCO LaRUFFA, LLP**

*/s/ Matthew P. Rocco*

_____

Matthew P. Rocco

Dated: March 11, 2021
at Elmsford, New York